J-S22020-21
J-S22021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFRED MENNELLA | : | |
| | : | |
| Appellant | : | No. 1056 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002470-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ALFRED MENNELLA | : | |
| | : | |
| Appellant | : | No. 1074 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002491-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                  **FILED OCTOBER 12, 2021**

Anthony Mennella (Appellant) appeals from the judgments of sentence imposed in the Lackawanna County Court of Common Pleas, following his guilty plea, in two separate cases, to charges of harassment, recklessly

_____

[*] Retired Senior Judge assigned to the Superior Court.

endangering another person (REAP), criminal mischief, and resisting arrest.[1] Because these appeals raise the same sentencing claims in related cases, we address them together. Contemporaneous with these appeals, Appellant's counsel, Donna DeVita, Esquire, has filed petitions to withdraw from representation and *Anders* briefs. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago* 978 A.2d 349 (Pa. 2009). Both *Anders* briefs, which are nearly identical, challenge the discretionary aspects of Appellant's sentences, which were imposed by the trial court at the same hearing. Based upon our review, we grant counsel permission to withdraw and affirm the judgments of sentence.

The relevant facts underlying these appeals are as follows.[2] On June 24, 2019, a temporary Protection from Abuse (PFA) order was issued against Appellant prohibiting him from contacting his ex-girlfriend (Dorie Scalamonti), her two children, and her parents (Diane and John Scalamonti). *See* Trial Ct. Op. at 2 n.2; N.T. Sentencing H'rg, 6/30/20, at 4. The PFA was later made permanent, with an expiration date of June 24, 2022, after Appellant failed to appear at a hearing. *See* Trial Ct. Op. at 2 n.2. The charges in both of the

_____

[1] *See* 18 Pa.C.S. §§ 2709(a)(7), 2705, 3304(a)(5), 5104.

[2] We note the trial court filed one opinion addressing the claims raised in both appeals, and listing both trial court docket numbers. *See* Trial Ct. Op., 4/12/21. Appellant complied with the requirements of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and filed two notices of appeal. See Walker, 185 A.3d at 977 (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket).

cases on appeal stem from Appellant's continued harassment of the Scalamontis.

## I. 1056 MDA 2020 (Harassment Case)

The trial court summarized the underlying facts of the first case:

> [In September of 2019, John] Scalamonti . . . notified the Clarks Summit Police Department that [ ] Appellant texted him on September [1, 10, and 17,] 2019. Finally, [ ] Appellant telephoned Mr. Scalamonti on September 22, 2019 threatening to burn the house down and instructing Mr. Scalamonti to leave the house with his wife and grandchildren. The next day on September 23[rd], Dorie Scalamonti . . . notified the Clarks Summit Police Department that [ ] Appellant continued to call her and her family from different numbers and send threatening text messages. Ultimately, while Dorie[ ] and her father were at the Clarks Summit Police Department, [ ] Appellant continued to send threatening text messages to Dorie. In doing so, [ ] Appellant violated the [PFA] order. The [police] contacted [ ] Appellant, notifying him of the existing [PFA]. Notwithstanding, [ ] Appellant denied the existence of a [PFA] and refused to report to the Clarks Summit Police Department.

Trial Ct. Op. at 1-2. That same day, the Clarks Summit Police filed a criminal complaint against Appellant, charging him with terroristic threats[3] and harassment. *See* Trial Ct. Docket, CP-35-CR-0002470-2019 (2470-2019), Police Criminal Complaint, 9/23/19, at 2.

## II. 1074 MDA 2020 (REAP Case)

On September 24, 2019, one day after Appellant was charged with harassment by the Clarks Summit Police, the Taylor Police Department responded to a report of a domestic incident in the Walmart parking lot. Trial

---

[3] *See* 18 Pa.C.S. § 2706(a)(1).

Ct. Op. at 3. Dorie Scalamonti reported that Appellant harassed her to pick him up at a Sheetz convenience store in Clarks Summit and drive him to the Walmart in Taylor. *Id.* Dorie claimed that, in the Walmart parking lot, Appellant "overpowered her" and grabbed her cell phone. *Id.* at 3-4. He then forced her to go into the Walmart, where he proceeded to search her phone and call random numbers. *Id.* at 4. Once they left the store, Appellant retrieved his book bag from her car, and smashed her right rear window with his fist. *Id.* When Dorie returned to the Walmart to call police, Appellant begged her to leave before they arrived. *Id.* Appellant struck Walmart employees who intervened to assist Dorie. *Id.* Dorie's statements were corroborated by witness accounts and surveillance video. *Id.*

When the police arrived, "witnesses directed police officers to a wooded area behind Walmart where [ ] Appellant was observed running." Trial Ct. Op. at 3. Appellant ignored police commands, and the officers employed a K-9 unit to stop him. *Id.* As he struggled to pull away from the police dog, Appellant kicked or punched the animal. *Id.* After the police handcuffed him, Appellant admitted he stole Dorie's cell phone. *Id.* Police later charged Appellant with robbery, theft, simple assault, resisting arrest, disorderly conduct, criminal mischief, and taunting police animals. *See* Trial Ct. Docket, CP-35-CR-0002491-2019 (2491-2019), Police Criminal Complaint, 9/30/19, at 2-4.

### III. Guilty Plea and Sentencing

On January 29, 2020, Appellant entered guilty pleas in both cases. At Trial Court Docket 2740-2019, Appellant pled guilty to one count of harassment, and at Trial Court Docket 2491-2019, he pled guilty to charges of REAP,[4] criminal mischief and resisting arrest. **See** N.T., 1/29/20, at 2-5. The trial court directed the Lackawanna County Adult Probation Department to prepare a pre-sentence investigation report. Trial Ct. Op. at 4. After Appellant failed to appear for sentencing on June 16, 2020, the court issued a bench warrant for his arrest. **Id.** He was apprehended two days later, and his sentencing hearing on both matters was rescheduled for June 30th. **See** Order, 6/22/20.

On June 30, 2020, the trial court sentenced Appellant to the following consecutive terms of incarceration: (1) at Trial Court Docket 2470-2019, a term of 1½ to 3 months for harassment; and (2) at Trial Court Docket 2491-2019, a term of 9 to 24 months for REAP, 5 to 24 months for resisting arrest, and 1½ to 3 months for criminal mischief. Appellant's aggregate term of incarceration was 17 to 54 months. The court imposed aggravated range sentences for REAP and resisting arrest, and the statutory maximums for the summary offenses of harassment and criminal mischief. **See** Trial Ct. Docket

---

[4] According to the trial court, the Commonwealth "orally amended" the criminal information at Trial Docket 2491-2019 at the guilty plea hearing to include the charge of REAP. Trial Ct. Op. at 4.

- 5 -

2491-2019, Guideline Sentence Form, 6/30/20; 18 Pa.C.S. § 1105 (maximum term for summary offense is 90 days' imprisonment).

On July 7, 2020, Appellant filed a timely, joint motion for reconsideration of sentence at both trial court dockets. He asserted the court sentenced him at the "highest end of the standard range" for REAP and resisting arrest,[5] and at the "maximum sentence allowed by law" for the summary offenses. **See** Appellant's Motion for Reconsideration of Sentence, 7/7/20, at 2. He argued the court did not "cite sufficient aggravating factors to support the sentences imposed[,]" noting that he had been "released on bail for several months prior to sentence without any violations[,]" and that he took "responsibility for his actions and indicated a desire to better himself at sentencing." **Id.** The trial court entered an order denying Appellant's post-sentence motion on July 23, 2020. These timely appeals followed.[6]

---

[5] As noted above, this is incorrect. The trial court sentenced Appellant in the **aggravated range** of the guidelines for both offenses.

[6] Although Appellant received the July 23rd order — and filed notices of appeal from Trial Court Dockets 2470-2019 and 2491-2019 on August 12th and August 19th, respectively — that order was not transmitted to the clerk of courts and, accordingly, not docketed. **See** Order, 9/4/20. Thus, on September 4, 2020, the trial court entered another order correcting this "administrative error." **Id. See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Thereafter, Appellant complied with the trial court's order, entered at each docket, directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

## IV. *Anders* Briefs

As stated above, Appellant's counsel has filed almost identical **Anders** briefs and petitions to withdraw in the two appeals. When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal is required to:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, *quoting* **Santiago**, 978 A.2d at 361.

Here, the briefs and petitions to withdraw filed by Attorney DeVita comply with the requirements of **Anders** and **Santiago**. **See Cartrette**, 83 A.3d at 1032. Moreover, Attorney DeVita attached a copy of the letters she

sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se* and raise any additional points for this Court's attention. Appellant has not filed a response at either docket. Therefore, we proceed to examine the issues identified in the ***Anders*** briefs, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). If we agree with counsel's assessment, we "may grant counsel's request to withdraw and dismiss the appeal[.]" ***Id.*** (citation omitted).

## V. Sentencing Claims

The ***Anders*** brief at Docket No. 1056 MDA 2020 (harassment case) identifies the following two issues for our review:

A. Whether the sentencing court failed to state on the record the reasons for the sentence imposed as required by 42 Pa.C.S. § 9721(B)[?]

B. Whether the sentence, the maximum sentence allowed, is excessive, harsh, and arbitrary thus contrary to the fundamental norms of sentencing in this Commonwealth[?]

***Anders*** Brief (Harassment Case) at 4. The ***Anders*** brief at Docket 1074 MDA 2020 (REAP case) identifies the following two, nearly identical claims:

A. Whether the sentencing court failed to state on the record the reasons for the sentences imposed on each of the offenses as is required by 42 Pa.C.S. § 9721(B)[?]

B. Whether the sentences in the aggravated sentence ranges and/or . . . the maximum sentences allowed are excessive, harsh, arbitrary and were note based on any aggravated circumstances, thus contrary to the fundamental norms of sentencing in this Commonwealth[?]

- 8 -

***Anders*** Brief (REAP Case) at 4.

Both appeals challenge the discretionary aspects of Appellant's sentences. It is well-established that such challenges do not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather:

> An appellant . . . must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation omitted).

In the present cases, Appellant filed a timely notice of appeal at each docket, and both ***Anders*** briefs include the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). ***See Anders*** Brief (Harassment Case) at 9-10; ***Anders*** Brief (REAP Case) at 10-11. However, we agree with the trial court and Commonwealth that Appellant did not properly preserve the **specific claims** he now raises on appeal. ***See*** Trial Ct. Op. at 6-7, 12-13; Commonwealth's Brief (Harassment Case) at 5-7; Commonwealth's Brief (REAP Case) at 7-8.

As noted above, in order to preserve a challenge to the discretionary aspects of a sentence, an appellant must preserve the specific claim at the sentencing hearing or in a post-sentence motion. Here, Appellant did not argue, either at the sentencing hearing or in his post-sentence motion, that

the trial court failed to place reasons on the record for the sentence imposed pursuant to Section 9721(b), or that his sentence was excessive. Rather, Appellant asserted, in his post-sentence motion, that the trial court "did not cite sufficient aggravating factors to support the sentences imposed," and noted the following mitigating factors: his low prior record score, his release on bail absent any violations, and his acceptance of responsibility. Appellant's Motion for Reconsideration of Sentence at 2.

Appellant's failure to preserve the arguments he now raises on appeal is fatal to his claim. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This is particularly true with regard to challenges to the discretionary aspects of a sentence, since "[s]entencing is a matter vested in the sound discretion of the sentencing judge," which we will not disturb "absent a manifest abuse of discretion." *See Commonwealth v. Davis*, 241 A.3d 1160, 1177 (Pa. Super. 2020) (citation omitted), *appeal denied*, 253 A.3d 211 (Pa. 2021). When an appellant does not present a specific sentencing claim to the trial court, the court has no opportunity "to reconsider or modify [its] sentence on [that] basis." *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (post-sentence motion claiming sentence was unduly severe and abuse of discretion under Sentencing Code did not preserve claims on appeal that court excessively sentenced appellant to consecutive terms of imprisonment, failed to consider the guidelines, and failed to state reasons on record for departure from guidelines).

The case before us exemplifies the importance of presenting a sentencing claim, in the first instance, to the trial court. The sentencing hearing in the present case was brief, and the trial court provided minimal reasons on the record at the hearing for the sentences imposed. Nevertheless, in its opinion, the trial court explained, in detail, the reasons it imposed sentences in the aggravated range of the guidelines for REAP and resisting arrest, and statutory maximum sentences for the summary offenses — based in significant part on the extensive PSI prepared prior to sentencing. *See* Trial Ct. Op. at 8-17 (Appellant: (a) continued to intimidate and threaten victims, including ex-girlfriend's elderly parents, even up to sentencing hearing; (b) failed to seek recommended psychiatric or therapeutic treatment; (c) had four "active multi-state warrants;" (d) "feigned ignorance and claimed that he was never served with" PFA; (e) claimed his ex-girlfriend provoked him). Had Appellant preserved this claim in his post-sentence motion, the trial court could have conducted a resentencing hearing to ensure the reasons for the sentences imposed were on the record.

Because Appellant waived the claims raised on appeal, we affirm the judgment of sentence. Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal. Accordingly, we grant Attorney DeVita's petition to withdraw.

Judgments of sentence affirmed. Petitions to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021